UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| KATY KELLY LLC, | ) |
| Plaintiff, | ) Civil Action No. 5: 25-284-DCR |
| V. | ) |
| THRIVENT INVESTMENT MANAGEMENT INC., | ) **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Katy Kelly LLC, ("Katy Kelly") filed this action on August 13, 2025, against Defendant Thrivent Investment Management Inc. ("Thrivent"). [Record No. 1] Katy Kelly alleges that the defendant committed negligent trespass and seeks relief under the Declaratory Judgment Act. [*Id.*] This matter is pending for consideration of a motion for judgment on the pleadings filed by Thrivent. [Record No. 11] The motion will be granted for the reasons outlined below.

I.

Katy Kelly is a Kentucky limited liability company that owns property located in Versailles, Kentucky. [Record No. 1 at ¶¶ 3, 23] Thrivent is a Delaware corporation with its headquarters in Minnesota. [Record No. 1 at ¶¶ 8–9; Record No. 10 at ¶¶ 8–9.] It conducts business in Kentucky and is registered to do business in Kentucky with the Kentucky Secretary of State. [*Id.* at ¶ 14; *see* Record No. 10 at ¶ 14.] The Financial Industry Regulatory Authority ("FINRA") lists one of Thrivent's business addresses as 112 N Main St. Versailles, Kentucky

- 1 -

40383—the property owned by Katy Kelly at issue in this action. [*Id.* at ¶¶ 16, 23; Record No. 10 at ¶ 16.]

Katy Kelly alleges that Thrivent is bound by the actions of Duncan B. Gardiner, asserting that Gardiner is Thrivent's employee and agent. [*Id.* at ¶¶ 18–19, 75] Katy Kelly also alleges that Thrivent has leased space at the Versailles property and conducted business there since approximately September 2019, occupying a unit on the premises. [Record No. 1 at ¶¶ 24, 27, 29] Katy Kelly maintains that the property is a historic building eligible for federal and state tax credits. [*Id.* at ¶ 31]

Katy Kelly claims that it directed Thrivent to vacate the premises by July 31, 2025. [*Id.* at ¶ 34] It further alleges that it offered Thrivent an extension through August 31, 2025, contingent on Thrivent tendering $2,500 by August 1, 2025, and agreeing to vacate by the end of that month. [*Id.*] Katy Kelly claims that Thrivent failed to pay for August 2025 and, instead, declared that it would remain on the property through August 2028 while paying only $9,600 per year. [*Id.* at ¶¶ 35–37] Katy Kelly states that Thrivent's stated action will cause damages exceeding $112,200. [*Id.* at ¶ 38]

Katy Kelly further alleges that in or about July 2025, it discovered Thrivent erected a sign that did not comply with applicable laws, rules, and regulations, and that Thrivent failed to obtain permission from the Board of Architectural Review. [*Id.* at ¶¶ 39–40] Katy Kelly contends that it discovered damages by Thrivent when Katy Kelly removed the sign from the façade of the building, resulting in repair costs, exposure to potential fines of $500 per day from the Architectural Review Board, jeopardy to historic tax credits, and creation of a nuisance. [*Id.* at ¶¶ 41–44] Katy Kelly alleges that Thrivent has committed damage and/or

waste to the Versailles property, permitted a nuisance, refused to cure these conditions, and insists on continuing its conduct for at least three more years. [*Id.* at ¶¶ 45–47]

Based on these allegations, Katy Kelly asserts a single claim for negligent trespass against Thrivent and seeks declaratory relief under the Declaratory Judgment Act. [*Id.* at ¶¶ 48–75] Katy Kelly asks the Court to declare that: (1) Thrivent has no contractual right to remain on the property; (2) Thrivent's erection of a sign damaging the Versailles property constitutes negligent trespass and/or caused nuisance; or, alternatively, that if a contract permitted the sign, Thrivent violated its terms by failing to comply with applicable laws, rules and regulations; (3) Thrivent must pay any fines arising from the sign; (4) Thrivent must indemnify Katy Kelly for any lost historic tax credits resulting from the sign or its continued occupancy after July 31, 2025; (5) the fair market value of the occupied space exceeds $47,000 per year and Thrivent must pay that amount; (6) if a contract extended through July or August 2025, Katy Kelly properly notified Thrivent of nonrenewal; (7) Thrivent owed and breached a duty of care regarding the Versailles property; and (8) Thrivent is bound by the actions of its agent/employee, Duncan Gardiner, regarding possession, trespass, and duty of care. [*Id.* at ¶¶ 65–75]

## II.

A motion for judgment on the pleadings under Rule 12(c) is evaluated using the same standard that applies to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Oakland Tactical Supply, LLC v. Howell Township*, 103 F.4th 1186, 1191 (6th Cir. 2024) (citing *Warrior Sports, Inc. v. NCAA*, 623 F.3d 281, 284 (6th Cir. 2010)). Thus, the Court must determine whether the subject count of the Complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Further, when reviewing a motion under Rule 12(c), courts "generally may only review the pleadings, any attachments to those pleadings, and documents that are 'referred to in the complaint and [are] central to the plaintiff's claim' or are 'matters of public record.' *Saalim v. Walmart, Inc.*, 97 F.4th 995, 1002 (6th Cir. 2024) (quoting *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999).

### III.

Katy Kelly asserts a claim of negligent trespass against Thrivent and seeks declaratory relief, including a request that the Court interpret the parties' contractual rights. [Record No. 1] However, Thrivent contends that the negligent trespass claim should be dismissed because it fails on its face as insufficiently plead and because Thrivent is not responsible for the conduct of Duncan Gardiner. [Record No. 11] Further, Thrivent contends that the Court need not exercise its jurisdiction under the Declaratory Judgment Act. [Record No. 19]

**(1) Negligent Trespass Claim**

Katy Kelly alleges that Thrivent negligently trespassed on its Versailles property. [Record No. 1] Thrivent moves for judgment on the pleadings, arguing that the Complaint fails to allege the essential elements of negligent trespass under Kentucky law. [Record No. 11 at 4] Under Kentucky law, a person commits trespass if he or she "enters or remains upon land in the possession of another without the possessor's consent." *Bradford v. Clifton*, 379 S.W.2d 249, 250 (Ky.1964). "Kentucky law allows recovery under trespass in either of three instances: (1) the defendant was engaged in an extra-hazardous activity, (2) the defendant

- 4 -

committed an intentional trespass or (3) the defendant committed a negligent trespass." *Rockwell Int'l Corp. v. Wilhite*, 143 S.W.3d 604, 619 (Ky.Ct.App.2003). To state a claim for negligent trespass, a plaintiff must allege (1) the defendant breached its duty of due care; (2) the defendant caused a thing to enter the plaintiff's land; and (3) the thing's presence caused harm to the land. *Id.* at 620. More broadly, a negligence claim in Kentucky requires that the plaintiff 'prove the existence of a duty, breach of that duty, causation between the breach of duty and the plaintiff's injury and damages." *Hayes v. D.C.I. Props.-D KY, LLC*, 563 S.W.3d 619, 622 (Ky. 2018).

Thrivent argues that Katy Kelly fails to plead three essential components: lack of consent, duty, and causation. [Record No. 11 at 4] Katy Kelly does not meaningfully respond to these arguments. [*See* Record No. 17.] Instead, it raises purported factual issues—such as agency and damages—while leaving Thrivent's core pleading challenges unaddressed. [*See id.*] A party's failure to respond to an argument may constitute waiver. *Hill v. Jones*, No. 5:18-CV-511, 2019 WL 4455982, at *3 (E.D. Ky. Sept. 17, 2019) (collecting cases). On that basis alone, dismissal would be appropriate. Even so, the claim also fails on the merits.

Trespass requires entry without consent. *Snider v. Jesse*, No. 3:23-CV-486-RGJ-RSE, 2025 WL 1557041, at *5 (W.D. Ky. June 2, 2025) (quoting *Hamilton v. P.B. Stratton Fam. P'ship*, 709 S.W.3d 287, 315 (Ky. App. 2024) ("It is axiomatic ... that consent completely destroys and negates a trespass claim.")). Katy Kelly's Complaint alleges only that a sign was present on the property and that it later discovered damage after removing it. [Record No. 1 at ¶ 39] It does not allege that the sign was installed without Katy Kelly's consent, that Katy Kelly lacked knowledge of the sign at the time it took possession of the Versailles property, or that it objected to its placement. A conclusory allegation that the sign violated unspecified

- 5 -

laws or regulations does not plausibly establish lack of consent. Without this foundational element, Katy Kelly has failed to state a claim of negligent trespass.

Katy Kelly also fails to identify a cognizable duty owed to Thrivent. Its reference to Board of Architectural Review regulations does not establish a duty running from Thrivent to Katy Kelly. Under Kentucky law, the duty to comply with an ordinance is owed to the municipality—not to a private party. *Schilling v. Schoenle*, 782 S.W.2d 630, 633 (Ky. 1990). Further, Thrivent is not a party to the Lease agreement concerning the Versailles property. [Record No. 10 at 30–41] Because Thrivent assumed no contractual obligations under that Lease, none of those duties can by imputed to Thrivent unless it is held vicariously liable.

In response, Katy Kelly argues that Gardiner possessed actual or apparent authority to bind Thrivent and that Thrivent is therefore vicariously liable for Gardiner's conduct. [Record No. 17 at 9–10] Thrivent disputes any such relationship. [Record No. 11 at 7] It contends that Gardiner acted as an independent contractor, not as its employee or agent. [Record No. 11 at 7] Under Kentucky law, a principal is generally not liable for the acts of an independent contractor. *Williams v. Kentucky Dep't of Educ.*, 113 S.W.3d 145, 151 (Ky. 2003). The agreements attached to Thrivent's Amended Answer support this position. [*See* Record No. 10 at 13–25.] The Registered Representative Agreement expressly states that Gardiner "shall act at all times as a self-employed independent contractor" and "shall not be considered an employee of the Company." [Record No. 10 at 20] The Lease for the Versailles property further undermines Katy Kelly's vicarious liability theory. It identifies Gardiner—individually—not Thrivent as the tenant. [*Id.* at 30 – 41] The single reference to Thrivent in the Lease concerns paint colors to be painted by the landlord. [*Id*. at 37] Therefore, Thrivent is not a party to the Lease and assumes no obligations under it. Nothing in the pleadings

demonstrates that Gardiner acted on Thrivent's behalf. Importantly, Katy Kelly does not allege any facts demonstrating that Thrivent held a legal interest in the property or assumed the Lease obligations. Instead, Katy Kelly merely asserts—without alleging supporting facts—that Gardiner acted on Thrivent behalf and that Gardiner was Thrivent's employee and agent. [Record No. 1 at ¶¶ 18–19, 22]

Katy Kelly raises apparent authority for the first time in its response, relying on Gardiner's FINRA broker profile that demonstrates Gardiner is associated with Thrivent and signage at the property. [Record No. 17] Under Kentucky law, apparent authority requires (1) manifestation by the principal and (2) reasonable reliance by the third party. *Mark D. Dean, P.S.C. v. Commonwealth Bank & Tr. Co.,* 434 S.W.3d 489, 499 (Ky. 2014). Katy Kelly does not allege that Thrivent made any representation conferring authority on Gardiner or that Katy Kelly relied on such a representation. Absent those allegations, the theory fails as a matter of law.

Finally, Katy Kelly does not adequately allege causation. A negligent trespass claim requires that the defendant caused a thing to enter the plaintiff's land and that the thing caused harm. *See Rockwell*, 143 S.W.3d at 619. The Complaint alleges only that Katy Kelly discovered damage after removing the sign. [Record No. 1 at ¶ 41] It does not plausibly allege facts that demonstrate that Thrivent erected the sign, caused it to be erected, or that the sign itself caused the damage. Instead, Katy Kelly offers little more than a formulaic recitation of the elements of negligent trespass. Such conclusory pleading is insufficient as a matter of law. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

In summary, even where a legal duty may exist, a plaintiff must allege specific facts showing how that duty was breached and how that breach caused a particular injury. Katy

- 7 -

Kelly's Complaint does not do so. It neither articulates a duty owed by Thrivent nor plausibly connects Thrivent to a breach that caused identifiable harm. Instead, it offers broad and conclusory allegations that a sign was placed on the property without permission and that damage was later discovered. Such "formulaic recitation" of elements does not satisfy federal pleading standards. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Dismissal of the negligence claim against Thrivent is warranted because the Complaint fails allege sufficient facts to state a plausible claim for negligent trespass or to establish a viable agency relationship.

**(2) Declaratory Judgment Act**

The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Katy Kelly seeks the same relief though its declaratory judgment claim as it does through its negligent trespass claim. [Record No. 1 at ¶¶ 63–75]

Because the Court has concluded that Katy Kelly failed to state a negligent trespass claim against Thrivent, it declines to exercise jurisdiction over the declaratory judgment claim. Addressing that claim would duplicate the prior analysis, and no justiciable controversy remains between Katy Kelly and Thrivent. *See Ashland Hosp. Corp. v. RLI Ins. Co.*, No. 13-143-DLB-EBA, 2015 U.S. Dist. LEXIS 33775, at *38 (E.D. Ky. Mar. 17, 2015) (declining to exercise Declaratory Judgment Act jurisdiction where analysis would be redundant of substantive judgment) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995) (courts should consider "practicality and wise judicial administration" in deciding whether to exercise Declaratory Judgment Act jurisdiction)).

**IV.**

Based on the foregoing analysis, it is hereby **ORDERED** as follows:

(1) Defendant Thrivent Investment Management Inc.'s Motion for Judgment on the Pleadings [Record No. 11] is **GRANTED**.

(2) Plaintiff Katy Kelly LLC's Complaint is **DISMISSED**, with prejudice. This action is **DISMISSED** and **STRICKEN** from the docket.

Dated: February 20, 2026.

<u>Danny C. Reeves, District Judge</u>
United States District Court
Eastern District of Kentucky